## Wertman v. Wertman

*Duffy and Duffy*, for libellant.

*Guy E. Waltman*, for respondent.

PAUL, J., November 17, 1947.—Libellant filed an action in divorce and subsequently filed a petition for alimony pendente lite and also a petition for counsel fees. Answers were filed by respondent to both petitions. Testimony was taken on both petitions. It showed that respondent was working in a garage and earned $42.70 per week net. Out of this he gave his wife $25 per month as rent for the garage he was using. Libellant was also employed at the Atlas Powder Company and earned $.83 per hour. The testimony does not show whether she worked 5 or 6 days per

week. However, $.83 per hour for 8 hours for 5 days per week would amount to $33.20 per week or $132.80: to this must be added the $25 per month that she received from her husband as garage rent, making $157.80. Respondent earned $42.70 per week or $170.80 less the $25 per month he paid to his wife on account of rent or $145.80. In other words, libellant's net income each month is more than respondent's.

In addition to the above, when libellant left respondent she withdrew from one bank the sum of $3,097.77, which was in a joint account and the sum of $890.72 from a joint account in another bank. She also took $100 in cash from the home. She also had $1,800 in the bank that she received from an inheritance.

"The basis for granting alimony pending divorce proceedings is the need of the wife and her inability to support herself and to maintain or defend the suit—in other words, her destitute condition—and this condition must be shown": 15 Standard Pa. Practice, 382, §464.

"The propriety of granting alimony pending divorce proceedings depends as much upon the financial condition of the husband as upon the destitute condition of the wife": 15 Standard Pa. Practice 383, §465.

"An order for temporary alimony is not a matter of course or of absolute right; it rests in the sound discretion of the court and will be granted or refused according to the circumstances of each particular case": 15 Standard Pa. Practice 379, §459.

The testimony shows that libellant is not in destitute circumstances but that her income is more than respondent receives. There is, therefore, no reason for granting the petition for alimony pendente lite. The testimony indicates that she had to leave their home and has brought this action for divorce on the grounds of indignities and cruel and barbarous treatment. Libellant is not living in her own home but is paying

rent. The income that she received should be enough to maintain her. If she has been wronged by respondent, then justice should not be denied her. She should in addition to supporting herself have funds to pay counsel fees.

And now, November 17, 1947, the petition and rule for alimony pendente lite is refused. The petition and rule for counsel fees is made absolute and respondent is directed to pay the sum of $100 as counsel fees for libellant.